**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* Scott Besent, Secretary, Department of the Treasury (Internal Revenue Service),

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Darryle C. Hardnett

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

F I L E D
Clerk of the Superior Court
JUL 17 2025
By: G. Lopez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of CA
*(El nombre y dirección de la corte es)* County of San Diego
Central Division, 330 West Broadway, San Diego, CA 92101

**CASE NUMBER:** *(Número del Caso):* 25CU037066C

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Darryle Hardnett 1912 Carennac Place #61 Chula Vista, CA 91913 (619) 917-8484 (darryle630@gmail.com)

**DATE:** JUL 21 2025         **Clerk, by** G. Lopez, **Deputy**
*(Fecha)*                    *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Federal Agency
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

Name: Darryle Hardnett

Address: 1912 Carennac Place #61

Chula Vista, CA 91913

Phone: (619) 917-8484

Email: darryle63@gmail.com



SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| Hardnett, Darryle C., | Case # 25CU037066C |
| --- | --- |
| Plaintiff(s), | |
| vs. | |
| Scott Besent, Secretary, | |
| Department of the Treasury | |
| (Internal Revenue Service), | |
| Defendant(s), | |

## INTRODUCTION

### 1. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiff

1

asserts claims arising under federal law, specifically 42 U.S.C. § 1981.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all events giving rise to this claim occurred in San Diego, California, within the Southern District of California.

2. **PARTIES**

3. Plaintiff, Darryle C. Hardnett, is an African American male, a disabled veteran, and a resident of San Diego, California. Plaintiff is a member of a racial minority protected under 42 U.S.C. § 1981.

4. Defendant, Department of Treasury (Internal Revenue Service), is a government entity operating in San Diego, California, and at all relevant times employed or interacted with Plaintiff in a contractual capacity.

3. **FACTUAL ALLEGATIONS**

5. In or around September 2022, Plaintiff was wrongfully terminated by defendant after being notified via email of successfully completing Revenue Agent training, making plaintiff the first Revenue Agent to be terminated immediately following training.

6. During the course of that relationship, Plaintiff was subjected to repeated acts of racial discrimination and was treated less favorably than non-Black employees.

7. Plaintiff was subjected to racially discriminatory treatment including, but not limited to:

- Harassment based on race

- Unequal treatment in job assignments or evaluations

8. Plaintiff was also denied equal workplace protections and subjected to derogatory or discriminatory communications, which are evidenced in text messages and emails in Plaintiff's possession.

9. Upon information and belief, similarly situated individuals outside of Plaintiff's protected class were not subjected to the same treatment.

10. The discriminatory conduct was intentional, severe, and pervasive, and was motivated by Plaintiff's race and/or perceived racial identity.

11. Defendant's actions violated Plaintiff's federally protected rights under 42 U.S.C. § 1981, which guarantees all persons the right to make and enforce contracts without regard to race.

12. As a result of Defendant's conduct, Plaintiff has suffered emotional distress, humiliation, damage to reputation, damage to consumer credit profile, and economic losses.

### 4. CLAIM FOR RELIEF – VIOLATION OF 42 U.S.C. § 1981

13. Plaintiff incorporates by reference paragraphs 1 through 12.

14. Defendant's actions and omissions described above constitute unlawful racial discrimination and harassment in violation of 42 U.S.C. § 1981.

15. Defendant interfered with Plaintiff's right to enjoy the benefits, privileges, terms, and conditions of employment and/or contractual relationships free from racial discrimination.

16. The conduct was intentional and warrants compensatory and punitive damages.

### 5. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff compensatory damages for emotional distress and economic losses in the amount of $29,061,333.21

c. Award attorney's fees and costs under 42 U.S.C. § 1988 (if Plaintiff later retains counsel);

d. Grant such other relief as this Court deems just and proper.


Respectfully submitted,

*[signature]*

Darryle C. Hardnett


Dated: July 14, 2025

3

### Lost Wages (Back/Front)

| Year | Pay Grade | Salary | Benefits (agency 5% matching) | Total compensation |
|---|---|---|---|---|
| 2022 | GS-12 Step 1 | 29,794.00 | 1,489.70 | 31,283.70 |
| 2023 | GS 12 Step 2 | 96,986.00 | 4,849.30 | 101,835.30 |
| 2024 | GS 12 Step 3 | 105,321.00 | 5,266.05 | 110,587.05 |
| 2025 | GS 12 Step 4 | 110,678.00 | 5,533.90 | 116,211.90 |
| 2026 | GS 12 Step 4 | 112,892.00 | 5,644.60 | 118,536.60 |
| 2027 | GS 12 Step 4/5 | 115,149.00 | 5,757.45 | 120,906.45 |
| 2028 | Gs-12 Step 5 | 116,158.00 | 5,807.90 | 121,965.90 |
| 2029 | GS-12 Step 5/6 | 118,481.16 | 5,924.06 | 124,405.22 |
| 2030 | GS-12 Step 6 | 120,851.00 | 6,042.55 | 126,893.55 |
| 2031 | GS-12 Step 6/7 | 123,267.00 | 6,163.35 | 129,430.35 |
| 2032 | GS-12 Step 7 | 125,733.00 | 6,286.65 | 132,019.65 |
| 2032 | GS-12 Step 7 | 128,248.00 | 6,412.40 | 134,660.40 |
| 2033 | GS-12 Step 7/8 | 130,813.00 | 6,540.65 | 137,353.65 |
| 2034 | GS-12 Step 8 | 133,429.26 | 6,671.46 | 140,100.72 |
| 2035 | GS-12 Step 8 | 136,097.85 | 6,804.89 | 142,902.74 |
| 2036 | GS-12 Step 8/9 | 138,819.80 | 6,940.99 | 145,760.79 |
| 2037 | GS-12 Step 9 | 141,596.20 | 7,079.81 | 148,676.01 |
| 2038 | GS-12 Step 9 | 144,428.12 | 7,221.41 | 151,649.53 |
| 2039 | GS-12 Step 9/10 | 147,316.68 | 7,365.83 | 154,682.52 |
| 2040 | GS-12 Step 10 | 150,263.02 | 7,513.15 | 157,776.17 |
| 2041 | GS-12 Step 10 | 153,268.28 | 7,663.41 | 160,931.69 |
| 2042 | GS-12 Step 10 | 156,333.64 | 7,816.68 | 164,150.33 |
| Retirement wages * | | | | 675,998.00 |
| Total | | | | 3,548,718.21 |

### Thrift Savings/ Tax Penalty/Pain & Suffering/Credit Reputation Damages

| | |
|---|---|
| Pain/Suffering | 25,000,000.00 |
| Credit Damages | 50,000.00 |
| Thrift Savings | 40,559.00 |
| Health benefits | 418,000.00 |
| Early Withdrawl Penalty | 4,056.00 |
| Total | 25,512,615.00 |

| | |
|---|---|
| Grand Total | 29,061,333.21 |

* retirement: average of higest three annual wages of 160,952 *35 years of service x 1.0% calculated with the average life expectancy of 77 years (7 years prior military service, 6 years of government service prior to termination, and 22 years of lost service due to wrongful termination



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Darryle Hardnett a/k/a
Maynard G.,[1]
Complainant,

v.

Scott Bessent,
Secretary,
Department of the Treasury
(Internal Revenue Service),
Agency.

Appeal No. 2024005176

Hearing No. 480-2023-00243X

Agency No. IRS-22-0845-F

### DECISION

Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's final order dated September 30, 2024, concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. For the following reasons, the Commission AFFIRMS the Agency's final order finding no discrimination.

At the time of events giving rise to this complaint, Complainant worked as a Revenue Agent, GS-11, at the Agency's Small Business/Self-Employed Division in San Diego, California.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                              2024005176

On November 7, 2022, Complainant filed an EEO complaint alleging that the Agency discriminated against him based on race (African American) and color (black) when, on September 1, 2022, Complainant was terminated from the position of Revenue Agent, GS-0512-11, during Complainant's probationary period.

After its investigation into the complaint, the Agency provided Complainant with a copy of the report of investigation (ROI) and notice of his right to request a hearing before an EEOC Administrative Judge (AJ). Complainant requested a hearing. The Agency submitted a motion for a decision without a hearing, to which Complainant did not respond. The AJ granted the motion and issued a decision by summary judgment in favor of the Agency, finding no discrimination. The Agency subsequently issued a final order fully implementing the AJ's finding that Complainant failed to prove that the Agency subjected him to discrimination as alleged. Complainant filed the instant appeal.

Complainant began his employment with the Agency on September 13, 2021, at the GS-11 level. His position was subject to a one-year probationary period. The Revenue Agent position involved conducting examinations of income tax returns and determining the correct tax liability, which required application of the Internal Revenue Code in addition to various regulations, rulings, and Agency policies. The different grades of Revenue Agent had different position descriptions, and higher-graded Revenue Agents were expected to process more complex tax cases than those who were graded lower.

Complainant's performance standards were contained in the Agency's "Performance Plan for Internal Revenue Agent GS-0512 Including the Retention Standard . . . and Critical Job Elements." Agency Mot. for Summ. J., Ex. 1 at 20. A Revenue Agent's performance evaluation was based on whether they met the retention standard, which was defined by five various critical job elements. Each critical job element was made up of three aspects. For each aspect within the critical job elements, the performance plan set out the standard by which an employee "Exceeds," "Meets," or "Fails" the aspect. Id. at 25.

Newly hired Revenue Agents went through several phases of training, and those hired around the same time were generally grouped together for the training. Complainant underwent classroom training on tax principles and Agency procedures.

Then he went through on-the-job training where he could apply the classroom materials by examining actual tax returns and receive feedback from his first-level supervisor (S1), Group Manager.

The first phase of the classroom training involved basic topics relating to Form 1040 (individual tax returns). Complainant began this phase of classroom training, which he ultimately passed, on September 27, 2021. The second phase of classroom training commenced on February 14, 2022, but Complainant failed to pass this portion of the training. On several "Classroom Training Progress Worksheet[s]," the instructor for the second phase of classroom training indicated that Complainant tended to rush through test questions and seemed unable to calculate/apply/deduct various tax items. ROI at 188-89, 194-95.

Even though Complainant failed one of the classroom training phases, he was still able to progress to on-the-job training, but he was expected to work with S1 to make sure he learned the modules that he had failed to complete during the classroom training. Throughout on-the-job training, S1 issued Complainant written feedback, which the Agency referred to as "recordations." These were drafted for the purpose of evaluating Complainant's performance. There were various types of recordations that involved either observing an employee's performance or reviewing their cases. Each recordation was organized according to the critical job elements set out in the performance plan, indicated whether the employee exceeded, met, or failed each aspect of the critical element, and contained the supervisor's own narrative comments.

During Complainant's on-the-job training, S1 provided many recordations to Complainant, and these repeatedly informed Complainant that he was not meeting the retention standard and provided examples of his deficiencies. Generally, S1's feedback indicated that Complainant "more than occasionally fail[ed]" at various tasks, including being able to work independently, demonstrate necessary knowledge while working on his cases, produce accurate or understandable work product, or complete assignments thoroughly and timely. E.g., ROI at 212-13, 227. S1 also indicated several times that Complainant's time spent on activities was not commensurate with the nature and complexity of the work he was doing. Complainant submitted three written rebuttals in response to three of S1's recordations. In June 2022, S1 decided to assign a more experienced Revenue Agent (who was then at the GS-13 level) to act as Complainant's mentor in order to improve his performance. Despite this, Complainant's performance did not meaningfully improve.

4                                                                              2024005176

Complainant's second-level supervisor (S2), San Diego Territory Manager, made the decision regarding whether to retain a Revenue Agent at the end of his or her probationary period. On September 1, 2022, a few weeks before the end of Complainant's probationary period, S2 decided to terminate Complainant's employment. In the termination letter, S2 stated that Complainant had failed the critical job elements of "Customer Satisfaction-Knowledge" ("Procedural Requirements and Guidelines" aspect) and "Business Results" ("Completion of Assignments" aspect). ROI at 97. S2 stated in the termination letter that Complainant's overall performance rating at that point was "Minimally Successful," and therefore Complainant could not be retained as an Agency employee. Id.

The AJ first found that Complainant failed to establish a prima facie case of discrimination because Complainant had not presented evidence to support an inference that his race or color motivated S1's or S2's actions. In this regard, Complainant had named three White Revenue Agents (who began around the same time he did) as being treated more favorably, but the AJ found that these employees were not similarly situated to Complainant. Two of the three Revenue Agents were hired at the GS-07 level, as opposed to the GS-11 level at which Complainant was hired, and therefore were subject to different expectations and responsibilities. Moreover, both of these employees ultimately resigned from the Agency due to feeling unable to perform the duties of the position. The third White Revenue Agent was hired at the GS-12 level and did not have the extensive performance issues that Complainant did.

Even assuming Complainant could establish a prima facie case, the AJ found that the Agency articulated legitimate, nondiscriminatory reasons for terminating Complainant, namely Complainant's poor performance during his probationary period. The AJ further found that Complainant failed to proffer evidence, beyond his own speculation, that a genuine dispute of material fact existed as to whether the Agency's reasons were pretextual. The AJ noted that Complainant had alleged that S1 was the primary discriminator, as opposed to S2. The AJ found that there was no evidence S1 harbored discriminatory animus against Complainant and that, even if she had, S2 had not blindly relied on S1's assertions but had independently reviewed Complainant's performance and his written rebuttals to S1's recordations.

As this is an appeal from a decision issued without a hearing, the Agency's decision is subject to de novo review by the Commission. 29 C.F.R. § 1614.405(a). See Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9, § VI.A. (Aug. 5, 2015)

5                                                                2024005176

(explaining that the de novo standard of review "requires that the Commission examine the record without regard to the factual and legal determinations of the previous decision maker," and that EEOC "review the documents, statements, and testimony of record, including any timely and relevant submissions of the parties, and . . . issue its decision based on the Commission's own assessment of the record and its interpretation of the law"); see also EEO MD-110, at Chap. 9, § VI.B. (providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed de novo).

The Commission's regulations allow an AJ to grant summary judgment when they find that there is no genuine issue of material fact.  29 C.F.R. § 1614.109(g).  An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party.  Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986).  A fact is "material" if it has the potential to affect the outcome of the case.  Id.  When considering summary judgment, facts and inferences must be viewed in the light most favorable to the non-moving party.  See Ricci v. DeStefano, 557 U.S. 557, 586 (2009).

To successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence and must further establish that such facts are material under applicable law.  29 C.F.R. § 1614.109(g)(2); Celotex, 477 U.S. at 322-24; see also EEO MD-110, at Chap. 7, § III.E.  Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the Agency was motivated by discriminatory animus.  Here, however, Complainant has failed to establish such a dispute.  Having thoroughly reviewed the record, and construing any inferences raised by the undisputed facts in favor of Complainant, we find that a reasonable fact finder could not find in Complainant's favor.

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against by the Agency as alleged.

Accordingly, we AFFIRM the Agency's final order implementing the AJ's decision finding no discrimination.

## STATEMENT OF RIGHTS - ON APPEAL
### RECONSIDERATION (M0425)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**. A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit their request for reconsideration, and any statement or brief in support of their request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx. Alternatively, Complainant can submit their request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. §1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. §1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files their request via the EEOC Public Portal, in which case no proof of service is required.

7                                                                                          2024005176

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(f).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0124)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by their full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).
FOR THE COMMISSION:

*[signature]*
Carlton M. Hadden, Director
Office of Federal Operations

May 7, 2025
Date

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Darryle Hardnett<br>1912 Carennac Pl 61, Chula Vista CA 91913<br>TELEPHONE NO.: (619) 917-8484   FAX NO.:<br>EMAIL ADDRESS: darryle63@gmail.com<br>ATTORNEY FOR (Name): Darryle Hardnett (Pro Se) | FILED<br>CIVIL BUSINESS OFFICE<br>2025 JUL 14 A 9:43<br>CLERK SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME:
Hardnett v. Department of Treasury (IRS)

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount demanded exceeds $35,000)  (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 25CU037066C<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): discrimination
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7/14/2025

Darryle Hardnett
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |