UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARRYLE C. HARDNETT,

Plaintiff,

v.

SCOTT BESSENT, Secretary Department of the Treasury, et al.,

Defendants.

Case No.: 25-CV-2212 JLS (JLB)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

(ECF No. 3)

Presently before the Court is Defendants Scott Bessent's and Department of the Treasury's ("Defendants") Motion to Dismiss Complaint ("Mot.," ECF No. 3). Also before the Court are Plaintiff Darryle C. Hardnett's Opposition to Defendants' Motion to Dismiss Complaint ("Opp'n," ECF No. 5) and Defendants' Reply in Support of Motion to Dismiss Complaint ("Reply," ECF No. 6). Having carefully reviewed Plaintiff's Complaint ("Compl.," ECF No. 1-2), the Parties' arguments, and the law, the Court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

/ / /

/ / /

/ / /

/ / /

1

25-CV-2212 JLS (JLB)

## BACKGROUND

On July 14, 2025, pro se Plaintiff filed this action in the Superior Court of California, County of San Diego against "Scott Besent,[1] Secretary, Department of the Treasury (Internal Revenue Service)."[2]  Compl. at 6.  Plaintiff alleges that Defendants wrongfully terminated him and subjected him to race discrimination and harassment in violation of 42 U.S.C. § 1981.  *Id.* ¶¶ 3, 5–7.  Plaintiff states that during his employment with the Internal Revenue Service ("IRS) he "was subjected to repeated acts of racial discrimination and was treated less favorably than non-Black employees."  *Id.* at 6.  Plaintiff further alleges that he was wrongfully terminated "after being notified via email of successfully completing Revenue Agent training," allegedly making Plaintiff "the first Revenue Agent to be terminated immediately following training."  *Id.*

On August 27, 2025, Defendants removed the action to federal court "pursuant to the federal officer and federal agency removal statute, 28 U.S.C. § 1442(a)(1)."  Mot. at 3; *see* ECF No. 1 ("Not. of Removal").  On September 3, 2025, Defendants filed the present Motion arguing lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Mot. at 3.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to file a motion to dismiss a case for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  When a party files such a motion, "there is a presumption of a lack of jurisdiction until the plaintiff affirmatively proves otherwise."  *Orient v. Linus Pauling Inst. of Sci. & Med.*, 936 F. Supp. 704, 706 (D. Ariz. 1996).  In a facial attack on subject matter jurisdiction, such as the one here, courts must consider the allegations of the complaint to be true and draw all reasonable inferences in the plaintiff's favor.  *See Wolfe v. Strankman*, 392 F.3d 358, 362

---

[1] The Court notes that Plaintiff misspelled Defendant Scott Bessent's name in his Complaint.
[2] It is unclear whether Plaintiff intended to name the Department of the Treasury as a Defendant. Construing pro se Plaintiff's Complaint liberally, the Court assumes Plaintiff intended to name both Scott Bessent and the Department of the Treasury as Defendants.

(9th Cir. 2004), *overruled on other grounds by*, *Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977 (9th Cir. 2004).  Additionally, courts have a duty to liberally construe a pro se litigant's pleadings.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

## DISCUSSION

Defendants argue they are immune from suit under sovereign immunity.  Mot. at 4. Thus, Defendants conclude that the Court lacks subject matter jurisdiction under the doctrine of derivative jurisdiction.  *Id.* at 4–9.

### I.   Sovereign Immunity

When a party sues the federal government, the law on which such action is based must contain an explicit waiver of sovereign immunity for subject matter jurisdiction to exist, as "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  A waiver of sovereign immunity must be "'unequivocally expressed' in the text of a relevant statute[,]" and "'[a]ny ambiguities in the statutory language are to be construed in favor of immunity.'"  *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 768–69 (9th Cir. 2018) (first quoting *United States v. Bormes*, 568 U.S. 6, 9–10 (2012); then quoting *FAA v. Cooper*, 566 U.S. 284, 290 (2012)).  "In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States."  *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003) (citing *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001)).  "A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity."  *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) (citing *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984)).

Here, Plaintiff names Scott Bessent, in his official capacity as Secretary of the Department of the Treasury, and the Department of the Treasury as Defendants.  *See* Compl. at 2.  Therefore, Plaintiff bears the burden of showing an unequivocal waiver of

25-CV-2212 JLS (JLB)

sovereign immunity under 42 U.S.C. § 1981.  *See Baker*, 817 F.2d at 562.  Plaintiff does not address Defendants' arguments related to sovereign immunity in his Complaint or Opposition.  *See generally* Compl.; Opp'n.  Therefore, Plaintiff has failed to identify any explicit waiver of sovereign immunity.  *See Eiselin v. USCIS San Diego*, 23-CV-1961 JLS (AHG), 2024 WL 733644, at *3 (S.D. Cal. Feb. 22, 2024) (finding no waiver of sovereign immunity where "[p]laintiff's filings [did] not identify a statutory waiver of sovereign immunity, nor discuss sovereign immunity at all").  Due to Plaintiff's pro se status, the Court will address whether claims under § 1981 are barred by sovereign immunity.

"Section 1981 gives all citizens of the United States 'the same right in every State or Territory to make and enforce contracts . . . as is enjoyed by white citizens.'" *Dears v. Sec'y of Health and Hum. Servs.*, No. 20-CV-12-BAS-AGS, 2020 WL 1062941, at *3 (S.D. Cal. Mar. 4, 2020) (quoting 42 U.S.C. § 1981).  "For claims arising under 42 U.S.C. § 1983 and § 1985, the Ninth Circuit found 'no evidence in either statute that Congress intended to subject federal agencies to § 1983 and § 1985 liability.'" *Id.* (quoting *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011)).  The Ninth Circuit has yet to address directly whether § 1981 claims are barred by sovereign immunity.  *Id.*  However, the Fifth, Seventh, and Eleventh Circuits have "held that sovereign immunity bars § 1981 claims as well." *Gottschalk v. City and Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1162 (N.D. Cal. Aug. 12, 2013) (dismissing §§ 1981, 1983, and 1985 claims against federal defendants with prejudice).  The Court follows other courts in concluding that the "Ninth Circuit has used similar reasoning in rejecting § 1983 claims against federal government actors, it seems likely that it would follow other circuits in finding § 1981 inapplicable to federal government actors."[3]  *Id.*; *see also Dears*, 2020 WL 1062941, at *3 (dismissing claim under

---

[3] Further, other courts "have found § 1981 claims inapplicable to federal actors because they are acting not 'under color of *state* law,' as the statute states, but under color of federal law." *Gottschalk*, 964 F. Supp. 2d at 1162 (first citing *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005), and then citing *Davis-Warren Auctioneers, J.V. v. F.D.I.C.*, 215 F.3d 1159, 1161 (10th Cir. 2000)); *see also Magassa v. Wolf*, 487 F. Supp. 3d 994, 1005–07 (W.D. Wash. 2020) (dismissing § 1981 claim against a federal agent acting in the course of his federal duties for lack of subject matter jurisdiction).

§ 1981 on sovereign immunity grounds); *Jean-Baptiste v. U.S. Dep't of Justice*, No. 23-432 (RC), 2024 WL 1253858, at *4 (D.D.C. Mar. 25, 2024) ("There is nothing in the text of Section[] 1981 . . . that suggests the United States has waived its immunity to suit under these statutes.  In fact, courts have expressly held the opposite.").

In conclusion, because § 1981 does not explicitly waive the federal government's sovereign immunity, the Court lacks subject matter jurisdiction.

## II.      Derivative Jurisdiction

This action was removed by Defendants from state court pursuant to 28 U.S.C. § 1442(a)(1)—resulting in the Court's jurisdiction being derivative of the state court's jurisdiction.  *See* Not. of Removal; *In re Elko Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997) ("[W]e note that because this case was removed from state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction.").  "The doctrine of derivative jurisdiction provides that 'if the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none upon removal, although it might in a like suit originally brought there have had jurisdiction.'"  *Rubie's LLC v. First Am. Title Co.*, No. 18-CV-1052-DAD-SKO, 2018 WL 6419674, at *3 (E.D. Cal. Dec. 6, 2018) (quoting *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922)) (cleaned up). "[T]he long-standing derivative jurisdiction doctrine provides that if a state court lacks jurisdiction over a case, a federal court does not acquire jurisdiction on removal." *Rodriguez v. United States*, 788 Fed. App'x 535, 536 (9th Cir. 2019) (citing *Minnesota v. United States*, 305 U.S. 382, 389 (1939)).

While Congress abolished this doctrine with respect to the general removal statute, 28 U.S.C. § 1441(a), the Ninth Circuit has "recently affirmed that the doctrine still applies to the federal officer removal statute," 28 U.S.C. § 1442(a)(1).  *Id.* (citing *Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015)).  The Ninth Circuit in *Cox* held that because there was no evidence of sovereign immunity waiver, the state court lacked jurisdiction over the action.  *Cox*, 800 F.3d at 1032.  Because the state court lacked jurisdiction and the action was removed under § 1442(a)(1), the district court also lacked jurisdiction over the

petition on removal under the derivative jurisdiction doctrine, and "therefore was bound to dismiss the petition rather than remand to state court." *Id.* (citing *In re Elko Cnty. Grand Jury*, 109 F.3d at 555).

Therefore, "[a]s the state court was without jurisdiction over this case, this action must be dismissed for lack of subject matter jurisdiction under the derivative jurisdiction doctrine." *Eiselin*, 2024 WL 733644, at *3 (first citing *Cox*, 800 F.3d at 1032; and then citing *Kleidman v. Barash*, No. CV 22-610-DMG (JPRX), 2022 WL 1613019, at *2 (C.D. Cal. Apr. 21, 2022), *aff'd*, 2023 WL 9470708 (9th Cir. July 3, 2023)).[4]

## III.  Leave to Amend

A district court should typically "not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).  But under the derivative jurisdiction doctrine, "a case filed in state court over which that court lacks jurisdiction is void from its very beginning." *Rubie's LLC*, 2018 WL 6419674, at *4.  As a result, this Court "has no jurisdiction to acquire over the case via removal." *Id.*  The Court thus cannot grant Plaintiff leave to amend.  *See Thibodeaux v. U.S. Postal Serv.*, No. 20-CV-0651 W (LL), 2021 WL 242974, at *2 (S.D. Cal. Jan. 25, 2021) (denying leave to amend where action was dismissed pursuant to the derivative jurisdiction doctrine); *Acosta v. Kijakazi*, No. 22-55288, 2023 WL 3033499, at *1 (9th Cir. Apr. 21, 2023) (finding "further

---

[4] Defendants correctly assert that even if the Court were to liberally construe Plaintiff's Complaint as a Title VII claim, the Court still lacks jurisdiction.  *See, e.g.*, *Bullock v. Napolitano*, 666 F.3d 281, 284, 286 (4th Cir. 2012) ("Congress waived sovereign immunity for Title VII suits brought by federal employees against the United States, but it explicitly provided for jurisdiction only in federal courts . . . [U]nder this doctrine of derivative jurisdiction, because the [state court] did not have subject-matter jurisdiction over [plaintiff's] Title VII claim against the Secretary, neither did the district court after the Secretary removed the action under 28 U.S.C. § 1442(a)."); *Sadozai v. Def. Language Inst.*, No. 21-CV-1409-BLF, 2021 WL 4710564, at *1–2 (N.D. Cal. Oct. 7, 2021) (dismissing Title VII claim under derivative jurisdiction because a Title VII claim can only be brought in federal court); *Robinson v. United States Dep't of Health & Hum. Res.*, No. 21-1644 (CKK), 2021 WL 4798100, at *4 (D.D.C. Oct. 14, 2021) ("The United States's waiver of sovereign immunity, therefore, does not extend to Title VII claims filed in [state court], leaving that court without jurisdiction over Title VII claims filed against federal agencies . . . .").

amendment would be futile under the derivative jurisdiction doctrine," as the "district court lacked jurisdiction").

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 3) and **DISMISSES WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND** Plaintiff's Complaint (ECF No. 1-2).  As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  March 23, 2026

Hon. Janis L. Sammartino
United States District Judge

7

25-CV-2212 JLS (JLB)